HEATHER S. WHITE (7674)
DANI N. CEPERNICH (14051)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
hsw@scmlaw.com
dnc@scmlaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENNETH COLONNA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROOSEVELT CITY, OFFICER PETE BUTCHER, OFFICER MARK CORNABY and OFFICER TIM MELLOR;<br><br>    Defendants. | **ANSWER**<br><br><br>Case No. 2:19CV863 DBP<br><br>Judge Dustin B. Pead |

Defendants Roosevelt City (City), Officer Pete Butcher, Officer Mark Cornaby, and Officer Tim Mellor (collectively Defendants) answer Plaintiff's complaint as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which this Court may grant relief.

## SECOND DEFENSE

Defendants admit the City is a municipality incorporated under the laws of the State of Utah and that Officers Butcher, Cornaby and Mellor were, at the time of the alleged incident,

employed as a peace officers with the City. Defendants deny each and every other allegation of Plaintiff's Complaint except as specifically admitted.

## THIRD DEFENSE

This Court lacks subject-matter jurisdiction because Defendants did not violate Plaintiff's constitutional rights.

## FOURTH DEFENSE

Defendants did not violate Plaintiff's clearly-established, particularized, constitutional, statutory or common-law rights or privileges.

## FIFTH DEFENSE

Defendants acted in good faith, without malice, and their acts were justified and reasonable under the circumstances.

## SIXTH DEFENSE

Defendants are not liable under 42 U.S.C. § 1983 based on *respondeat superior* or any other theory of supervisory or derivative liability.

## SEVENTH DEFENSE

Any constitutional violation that allegedly occurred was not the result of a deliberately-indifferent custom, policy or practice of the City.

## EIGHTH DEFENSE

Defendants are entitled to absolute and/or qualified immunity.

## NINTH DEFENSE

The City cannot be liable for any wrongful conduct committed by the individual defendants which occurred outside the course and scope of employment.

**TENTH DEFENSE**

Defendants cannot be liable for any wrongful conduct committed by individuals or entities over which Defendants had no control.

**ELEVENTH DEFENSE**

Plaintiff was never seized.

**TWELFTH DEFENSE**

Plaintiff's claimed injuries were the result of an independent intervening and/or superseding cause.

**THIRTEENTH DEFENSE**

The officers had reasonable suspicion to detain and probable cause to arrest and prosecute Plaintiff for other offenses.

**FOURTEENTH DEFENSE**

Defendants are absolutely immune from any state law claims and those claims are barred by the Governmental Immunity Act of Utah, including, but not limited to, Utah Code Ann. §§ 63G-7-201, 63G-7-202 and 63G-7-301, and further by Plaintiff's failure to comply with the appropriate provisions of that Act, including, but not limited to Utah Code Ann. §§ 63G-7-401, 63G-7-402, 63G-7-403 and 63G-7-601. Accordingly, the Court lacks subject-matter jurisdiction with respect to any state law claims.

**FIFTEENTH DEFENSE**

Defendants' potential liability for any state law claims is limited to the maximum sum provided by Utah Code Ann. § 63G-7-604.

### SIXTEENTH DEFENSE

The individual Defendants did not act, or fail to act, through fraud or willful misconduct, as required by Utah Code Ann. § 63G-7-202.

### SEVENTEENTH DEFENSE

Any injury or damage Plaintiff sustained was caused or contributed to by his own fault, which equals or exceeds that of Defendants, if any, thus barring recovery pursuant Utah Code Ann. § 78B-5-817 through 78B-5-823.

### EIGHTEENTH DEFENSE

Any injury or damage Plaintiff sustained was solely caused or contributed to by the fault of codefendants and/or third persons not presently parties to this action and fault should be allocated to each under Utah Code Ann. §§ 78B-5-817 through 78B-5-823.

### NINETEENTH DEFENSE

Plaintiff failed to mitigate his damages, and thus, any potential recovery must be reduced or barred.

### TWENTIETH DEFENSE

Plaintiff's claimed injuries predated the incident.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the public duty doctrine as well as the doctrines of waiver, laches and/or unclean hands, estoppel, consent, acquiescence, ratification, and release.

### TWENTY-SECOND DEFENSE

Plaintiff is not entitled to a jury trial on any claims for equitable relief.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by the statutes of limitations, Utah Code Ann. §§ 78B-2-307, 78B-2-304(4), and 63G-7-403.

## TWENTY-FOURTH DEFENSE

Plaintiff's punitive damage claim is barred by, *inter alia*, the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, federal common law, Article I, Sections 7, 9, 10, 11, 12, 13, 18, 22 and 24 of the Utah Constitution, and the Governmental Immunity Act of Utah, § 63G-7-603.

WHEREFORE, Defendants request that the Court dismiss Plaintiff's complaint, that Plaintiff take nothing thereby and that the Court order Plaintiff to pay Defendants their costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and Utah Code Ann. §§ 78B-5-825 and 78B-3-104.

## JURY TRIAL DEMANDED

Defendants hereby request a jury trial on all claims at law.

DATED this 25th day of November, 2019.

    SNOW CHRISTENSEN & MARTINEAU

    */s/ Heather S. White*
    Heather S. White
    Dani N. Cepernich
    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of November, 2019, I electronically filed the foregoing ANSWER with the Clerk of the Court using the CM/ECF System:

>Aaron W. Owens
>Hendricks & Owens, PLLC
>3610 N. University Ave., Ste. 275
>Provo, UT 84604
>aaronwowens@gmail.com
>            *Attorneys for Plaintiff*

                                                                   */s/ Annette Gamero*